## MOORE vs. COBURN *et al.*

1. INJURY TO MILL BY FLOWING WATER — MILL DAM LAW. An injury
   to a mill lawfully existing, caused by the subsequent erection of a mill
   or mill dam, above or below on the same stream, is not provided for,
   and is not within the act of 1840 known as the " mill dam act," but the
   appropriate remedy for such injury is by an action at common law.
   *Newton* v. *Allis,* 12 Wis. 378.

ERROR to the District Court for *Dane* County.

The case is fully stated in the opinion of the court. *David Noggle,* for plaintiff in error, contended that the complaint was good and relied upon 22 Pick. 312 as being a case under a statute similar to the one in question.

*Edward V. Whiton,* for defendant in error, contended that the statute in question was not applicable to the case stated, and that the remedy of the plaintiff was by a common law action.

DUNN, C. J. *Tyler H. Moore* was plaintiff below, and filed his complaint against defendants, under the provisions of a statute of this Territory, passed on 13th January, 1840, entitled "An act in relation to mills and mill dams," complaining of injuries done to his mill previously erected, by the erection of a mill dam by defendants afterward, on the same stream above the mill of the plaintiff. The specific injuries complained of are, "that by reason of the erection of the dam by defendants, the water of the stream was diverted and thrown into various and unusual channels, thereby diminishing the quantity of water, by increased evaporation, and otherwise, to the great injury of the plaintiff's mill," etc.

A demurrer was filed to this complaint, by defendants, and sustained by the district court. The plaintiff in error insists that the decision of the district court sustaining the demurrer is erroneous. The act referred to provides, in the first section, that "any person may erect and maintain a water mill, and a dam to raise water for working it, upon and across any stream that is not navigable, upon the terms and conditions, and subject to the regulations hereinafter expressed."

The second section provides, that "no such dam shall be erected to the injury of any mill lawfully existing, either above or below it, on the same stream, nor to the injury of any mill site on the same stream on which a mill or mill dam shall have been lawfully erected and used, or is in the progress of erection ; unless the right to maintain a mill, on such last mentioned site shall have been lost or defeated, by abandonment or otherwise ; nor shall any mill or dam be placed on the land of any person, without such grant, conveyance or authority from the owner, as would be necessary by the common law, if no provisions relating to mills, had been made by statute."

The twenty-eighth section provides, that "no action shall be sustained, at common law, for the recovery of damages, for the erecting, maintaining or using any mill

or mill dam, except as is provided in this act." Mills and mill dams may only be erected under the restrictions contained in the second section referred to, and as no one is permitted to erect a mill or mill dam on any stream, to the injury of a mill or mill dam existing above or below, on the same stream, such injuries are not, and were not intended to be, provided for in the act cited, for which complaint might be made, as is done in the case at bar, for the plain reason that the acts from which the injury would result were absolutely inhibited by law. And the legislature would not presume a violation of the law, and provide a remedy by complaint. The injuries which may be remedied by complaint under the act are accidental injuries, which may result from the lawful erection of a mill or mill dam, consistent with the restrictions contained in the said second section.

The obvious construction of the act on this point, seems to be, that no injury to a mill "lawfully existing," caused by the after erection of a mill or mill dam, above or below, on the same stream, is intended to be provided for in the act. The appropriate remedy for such injury is a common law action.

This construction is sustained in *Baird v. Wells*, 10 Pick. 312, wherein the Massachusetts mill acts, precisely similar to our own, are considered. The plaintiff in that case pursued a common law remedy by action on the case. He complained of injury to his mill and meadow, by the defendants erecting a dam across Farmington river, below, and thereby flowing back the water upon his mill and meadow. It appeared on the trial that the defendants were the first builders, and that the plaintiff erected his mill after. It was determined that the plaintiff's remedy, if any, was under the mill acts. The supreme court said in that case : "The question is, whether the present case is brought within the prohibitory clause of the statute. And it is the opinion of the court, that it is not." The prohibitory clause is the same as the second section of our act. If it had been within the clause, as is the case

at bar, clearly, it was the opinion of the court, that the action was well brought.

We are of opinion, that the plaintiff's remedy is at common law, and not by complaint under the statute ; we therefore affirm the judgment of the district court with costs.